IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No.2:04-CR-88 |
| | ) | |
| NURADIN ABDI, | ) | JUDGE ALGENON L. MARBLEY |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF LAW OF THE UNITED STATES
CONCERNING RELEVANT PROVISIONS OF
THE CLASSIFIED INFORMATION PROCEDURES ACT**

The United States of America, by and through its undersigned counsel, respectfully

submits this memorandum to apprise the Court of the applicability of the Classified Information

Procedures Act, 18 U.S.C. App. 3 (hereinafter "CIPA"), to issues involving classified

information which may arise before and during trial and to provide an overview of CIPA. At a

status conference held by the Court on January 6, 2005, the Court and the parties discussed

various issues pertaining to classified information. And, as agreed during that conference, on

February 1, 2005 this Court entered an Order, agreed to by the parties, establishing a May 1,

2005, deadline for CIPA motions. Finally, by Order dated April 26, 2005, the Court appointed a

Court Security Officer in this case. In view of those events, the United States is not requesting

an additional CIPA pretrial conference, pursuant to Section 2 of CIPA, at this time.

The United States submits this notice and memorandum, however, because it intends to

file a motion concerning certain classified information, pursuant to Section 4 of CIPA, in

compliance with the Court's February 1, 2005 Order, and respectfully submits that the overview

-2-

may be of assistance to the Court.  Depending, *inter alia,* upon the resolution of the United States' Motion, the parties or the Court may call for an additional CIPA pre-trial conference pursuant to Section 2, to consider any matters which relate to classified information that may arise in connection with the prosecution.

I.      DEFINITIONS, PRETRIAL CONFERENCE, PROTECTIVE ORDERS AND
                        DISCOVERY

A.      Definitions of Terms.  Section 1 of CIPA defines "classified information" and "national security," both of which are terms used throughout the statute.  Subsection (a) defines "classified information" as "any information or material that has been determined by the United States Government pursuant to an Executive Order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security . . . ."  Subsection (b) defines "national security" as "the national defense and foreign relations of the United States."

B.      Pretrial Conference.  Section 2 provides that "[a]t any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution."  After such motion is filed, Section 2 states that the district court "shall promptly hold a pretrial conference to establish the timing of requests for discovery, the provision of notice required by Section 5 of [CIPA], and the initiation of the procedure established by Section 6 of [CIPA]."

C.      Protective Orders.  Section 3 of CIPA requires the Court, upon request of the United States, to issue an order "to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case . . . ."

D.      Discovery of Classified Information by the Defendant.  Section 4 provides, in pertinent part, that "[t]he court, upon sufficient showing, may authorize the United States to

-3-

delete specified items of classified information from documents to be made available to the

defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a

summary of the information for such classified documents, or to substitute a statement admitting

the relevant facts that classified information would tend to prove."  Like Rule 16(d)(1) of the

Federal Rules of Criminal Procedure, Section 4 of CIPA provides that the United States may

demonstrate, in an in camera, ex parte submission to the Court, that the use of such alternatives

is warranted.  United States v. Yunis, 867 F.2d 617, 622-23 (D.C. Cir. 1989); accord United

States v. Rezaq, 134 F.3d 1121, 1142 (D.C. Cir. 1998); see also United States v. Sarkissian, 841

F.2d 959, 965 (9th Cir, 1988)(*ex parte* proceedings under CIPA concerning national security

information appropriate where "the government is seeking to withhold classified information

from the defendant and an adversary hearing with defense knowledge would defeat the purpose

of the discovery rules.").

The legislative history of Section 4 makes clear that the Court may take national security

interests into account in determining whether to permit discovery to be denied, restricted or

deferred.[1]

II.     SECTIONS 5 AND 6 OF CIPA: NOTICE AND PRETRIAL EVIDENTIARY RULINGS

There are three critical pretrial steps in the handling of classified information under

Sections 5 and 6 of CIPA.  First, the defendant must specify in detail the precise classified

information he reasonably expects to disclose.  Second, the Court, upon motion of the United

States, shall hold a hearing pursuant to Section 6(a) to determine the use, relevance and

---

[1] S. Rep. No. 96-823, 96th Cong., 2d Sess. 6 (1980), reprinted in 1980 U.S.C.C.A.N. at 4300.

-4-

admissibility of the proposed evidence.  Third, following the Section 6(a) hearing and formal findings of admissibility by the Court, the United States may move to substitute an admission of relevant facts or summaries for classified information that the Court rules is admissible.

A.       The Section 5(a) Notice Requirement.   The linchpin of CIPA is Section 5(a), which requires a defendant who intends to disclose (or cause the disclosure of) classified information to provide timely pretrial written notice of his intention to the Court and the United States.  Section 5(a) expressly requires that such notice "include a brief description of the classified information," and the leading case under Section 5(a) holds that such notice "must be particularized, setting forth specifically the classified information which the defendant reasonably believes to be necessary to his defense."  United States v. Collins, 720 F.2d 1195, 1199 (11th Cir. 1983) (emphasis added); see also United States v. Smith, 780 F.2d 1102, 1105 (4th Cir. 1985 (en banc); accord United States v. Yunis, 867 F.2d at 623 ("a defendant seeking classified information . . . is entitled only to information that is at least 'helpful to the defense of [the] accused.'").  This requirement applies to both documentary exhibits and oral testimony, whether it is anticipated to be brought out on direct or cross-examination.  See, e.g., United States v. Wilson, 750 F.2d 7 (2d Cir. 1984), cert. denied, 479 U.S. 839 (1986); United States v. Collins, 720 F.2d 1195.

If a defendant fails to provide a sufficiently detailed notice far enough in advance of trial to permit the implementation of CIPA procedures, Section 5(b) allows the Court to preclude disclosure of the classified information.  See United States v. Badia, 827 F.2d 1458, 1465 (11th Cir. 1987), cert. denied, 485 U.S. 937 (1988).  Similarly, if the defendant attempts to disclose at trial classified information which is not described in his Section 5(a) notice, preclusion is the

-5-

appropriate remedy under Section 5(b) of CIPA.  See United States v. Smith, 780 F.2d at 1105

("A defendant is forbidden from disclosing any such information absent the giving of notice.");

see generally United States v. North, 708 F. Supp. 389 (D.D.C. 1988).

B.       The Section 6(a) Hearing.   The purpose of the hearing pursuant to Section 6(a) of

CIPA is "to make all determinations concerning the use, relevance, or admissibility of classified

information that would otherwise be made during the trial or pretrial proceeding."  18 U.S.C.

App. III, § 6(a).  The statute expressly provides that if the motion of the United States under

Section 6(a) is filed before trial or the relevant pretrial proceeding, "the court shall rule [on the

use, relevance, or admissibility of the classified information at issue] prior to the commencement

of the relevant proceeding." Id. (emphasis added).

Section 6(b) of CIPA requires that before any hearing is conducted under subsection (a),

the United States must notify the defendant of the hearing and identify the classified information

which will be at issue.  If the information was not previously made available to the defendant,

the United States may, with the Court's approval, provide a generic description of the material to

the defendant.  Thus, as Congress recognized in enacting CIPA, "the Government would not

have to disclose the identity of an undercover intelligence agent not previously disclosed to the

defendant; instead, the Government would describe the information as 'the identity of an

undercover intelligence agent' if this meets with court approval."[2]

At the Section 6(a) hearing, the Court hears the defense proffer and the arguments of

counsel, and then rules whether the classified information identified by the defense is relevant

under Rule 401 of the Federal Rules of Evidence.  United States v. Smith, 780 F.2d at 1106; see

---

[2] 1980 U.S.C.C.A.N. at 4301.

-6-

generally United States v. Yunis, 867 F.2d at 622.[3]  The defendant has the burden of establishing

that the evidence is relevant and material.  See United States v. Miller, 874 F.2d 1255, 1276-77

(9th Cir. 1989).  The Court's inquiry does not end there, however, for under Rule 402 of the

Federal Rules of Evidence, "[n]ot all relevant evidence is admissible at trial."  United States v.

Yunis, 867 F.2d at 622.  The Court must also determine whether the evidence is cumulative,

"prejudicial, confusing or misleading," so that it should be excluded under Rule 403 of the

Federal Rules of Evidence.  United States v. Wilson, 750 F.2d at 9; see also United States v.

Cardoen, 898 F. Supp. 1563, 1571 (S.D. Fla. 1995).  At the conclusion of the Section 6(a)

hearing, the Court must state in writing the reasons for its determination as to each item of

classified information.

C.      Substitution Pursuant to Section 6(c).   In the event that the Court rules that one

or more items of classified information are admissible, the United States has the option of

"substituting" information for the classified information at issue, pursuant to Section 6(c) of

CIPA.  The United States may move for permission to provide the defense either a substitute

statement admitting relevant facts that the classified information would tend to prove, or a

substitute summary of the classified information that would otherwise be disclosable.  See

United States v. Smith, 780 F.2d at 1105; see also United States v. Rezaq, 134 F.3d at 1142.  The

Court may approve the substitutions provided by the government after conducting a detailed in

camera comparison with the original documents to determine whether the substitutions protect

---

[3] CIPA does not change the "generally applicable evidentiary rules of admissibility." United States v. Wilson, 750 F.2d at 9; accord United States v. Yunis, 867 F.2d at 623.  Rather, CIPA alters the timing of rulings concerning admissibility, so as to require them to be made before trial.  United States v. Poindexter, 698 F. Supp. 316, 318 (D.D.C. 1988); accord United States v. Smith, 780 F.2d at 1106.

-7-

the defendant's right to a fair trial.  See United States v. Rezaq, 134 F.3d at 1142-43.  The Court

must grant the motion for substitution "if it finds that the admission or summary will leave the

defendant in substantially the same position as would disclosure."  United States v. North, 910

F.2d 843, 899 (D.C. Cir. 1990).

D.      Sealing In Camera Hearings Under Section 6(d).   If the Court rules that the

classified information may not be used, Section 6(d) requires the Court to seal, and preserve for

use in the event of an appeal, the records of any in camera hearing under CIPA.  The defendant

may seek a reconsideration of the Court's determination either prior to trial or during trial.

E.      Prohibitions on Disclosure Under Section 6(e).   When the Court determines that

specific items of classified information are relevant and admissible and consequently denies the

government's motion for a substitution of information under Section 6(c), Section 6(e) permits

the government to file an affidavit with the Court from the Attorney General objecting to

disclosure of the classified information at issue.  In such cases, the Court "shall order that the

defendant not disclose or cause the disclosure of such information."  Section 6(e) lists numerous

actions which the Court may take against the government, including dismissal of charges, if

appropriate, as a means of addressing the defendant's inability to disclose or cause the disclosure

of the classified information at issue.

III.    OTHER RELEVANT CIPA PROCEDURES

A. Interlocutory Appeal.   Section 7(a) of CIPA provides for an interlocutory appeal by

the United States from any decision or order of the trial judge "authorizing the disclosure of

classified information, imposing sanctions for nondisclosure of classified information, or

refusing a protective order sought by the United States to prevent the disclosure of classified

-8-

information."  The term "disclosure" relates both to information which the Court orders the United States to divulge to the defendant as well as to information already possessed by the defendant which he or she intends to make public.  See United States v. Pappas, 94 F.3d 795, 799-800 (2d Cir. 1996).  Section 7(b) instructs the Court of Appeals to give expedited consideration to any interlocutory appeals filed under subsection (a).

B.  Introduction of Classified Information.  In order to prevent "unnecessary disclosure" of classified information, section 8(b) permits the Court to order admission into evidence of only a part of a writing, recording or photograph.  Alternatively, the Court may order into evidence the entire writing, recording or photograph with all or part of the classified information contained therein excised.  Excision of such classified information may not be authorized, however, if fairness requires that the whole document, recording or photograph be considered.

Section 8(c) establishes a procedure for addressing the problems that may emerge during the taking of testimony from a witness who possesses classified information not previously found to be admissible.  If the defendant knew that a question or a line of inquiry would result in disclosure of classified information, CIPA mandates that he or she give the United States notice under Section 5 of the Act and Section 6(a) procedures would be followed to address the situation.  Section 8(c), in effect, serves as a supplement to the Section 6(a) procedures, addressing circumstances that might not have been anticipated in advance of the taking of testimony.  Thus, upon objection of the United States to a defense question or line of inquiry not covered in a Section 6(a) proceeding, the Court must take suitable action to avoid the improper disclosure of classified information by a witness.

C.    Security Procedures.  Section 9 of CIPA required the Chief Justice of the United

-9-

States to prescribe security procedures for the protection of classified information in the custody

of federal courts.  On February 12, 1981, Chief Justice Burger promulgated these procedures.

Respectfully submitted,

GREGORY G. LOCKHART.
UNITED STATES ATTORNEY


By:     s/Dana M. Peters
        DANA M. PETERS (0034226)
        Assistant U.S. Attorney
        303 Marconi Blvd., 2nd Floor
        Columbus, Ohio 43215
        (614) 255-1634
        Fax: (614) 469-5653
        Dana.Peters@usdoj.gov

        s/Sylvia T. Kaser
        SYLVIA T. KASER (D.C. Bar No. 360918)
        Trial Attorney
        U.S. Department of Justice
        Criminal Division
        Counterterrorism Section
        10th St. and Pennsylvania Ave., N.W.
        Suite 1539
        Washington, D.C.  20530
        (202) 305-9148
        Fax: (202) 353-0778
        Sylvia.Kaser@usdoj.gov

        Attorneys for the United States

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2005, I served the foregoing Notice of Filing of the

United States Pursuant to the Classified Information Procedures Act and the Memorandum of

Law of the United States Concerning Relevant Provisions of the Classified Information

Procedures Act by first class mail, postage prepaid, on:

> Mahir T. Sherif, Esq.
> 3376 30th Street
> San Diego, California 92104

s/Sylvia T. Kaser
Sylvia T. Kaser
Trial Attorney