Law Office of Mahir T. Sherif
MAHIR T. SHERIF, Esq. (SB# 135021)
3376 30th Street
San Diego, CA  92104
Ph:  619-297-4444
Fx:  619-297-4115

Attorney for Defendant, Nuradin Abdi

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | Case No.:  2:04CR88 |
| ) | |
| Plaintiff,  ) | (Honorable Algenon L. Marbley) |
| ) | |
| vs.  ) | |
| ) | |
| NURADIN ABDI,  ) | |
| ) | |
| Defendant  ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN**
**SUPPORT OF MOTION FOR A BILL OF PARTICULARS**

### I.  INTRODUCTION

Federal Rule of Criminal Procedure 7(f) provides that the court may direct the filing of a bill of particulars on the motion of the defendant.  As the Sixth Circuit and many other courts have held: The purposes of a bill of particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense. Glasser v. United States, 315 U.S. 60, 66 (1942) (particularity of time, place, circumstances, causes, and manner and means of effecting the object of a conspiracy are within the scope of a bill of particulars). United States v. Brimley, 529 F.2d 103, 108 (6th Cir. 1976). *See also* Russel v. United States, 369 U.S. 749, 768 (1968); United States v. Sanders, 462 F.2d 122, 123 (6th Cir. 1972); United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981); United States v. Mackey, 551 F.2d 967, 970 (5th Cir. 1977).  Moreover, a defendant should not be deprived of information to

prepare his defense simply because the information sought might be used by the government as evidence. United States v. Crisona, 416 F.2d 107 (S.D.N.Y. 1967), 397 U.S. 961.  Nor can a motion for a bill of particulars be denied on the theory that the defendant "knows what he did".  Such a ruling stands the presumption of innocence on its head by assuming that the defendant knew what his own "guilty" acts were.

A bill of particulars is founded on the Sixth Amendment right to defend, and thus doubt must be resolved in favor of disclosure to the defendant. United States v. Thevis, 474 F.Supp. 117, 124 (N.D. Ga. 1979), *aff'd*., 665 F.2d 616 (5th Cir. 1982) ("defendant must be given benefit of doubt in gray areas").  If questionable areas are not resolved in favor of the defendant then prejudice will be the result.  Prejudice in this context is defined in terms of the impairment of the defendant to intelligently and effectively mount a defense. United States v. Valenzuela-Bernal, 102 S.Ct. 3440 (1982).

Here, as set forth below, the indictment fails in critical areas to provide Mr. Abdi the details of the charges against him.  Details that are essential to his preparation for trial.

## II.     COUNT ONE – CONSPIRACY TO PROVIDE MATERIAL SUPPORT

Count one of the indictment charges Mr. Abdi with **conspiracy** to violate 18 U.S.C.§ 2339A.  It is alleged that as part of the conspiracy Mr. Abdi would and did provide material support and resources and conceal and disguise the nature, location, source and ownership of material support and resources.  That this was done "knowing and intending" that the resources were to be used in preparation for and in carrying out a violation of 18 U.S.C. § 956 (**conspiring** to kill, kidnap, maim, and injure persons and to damage and destroy property in a foreign country).  Thus, Mr. Abdi essentially is charged with being part of a conspiracy to conspire to do certain acts.  One overt act, that Mr. Abdi obtained a travel document to visit Germany and Saudi Arabia, when allegedly he was intending to go elsewhere is alleged as furthering the conspiracy.

First, the defendant is unable to ascertain which conspiracy the overt act is alleged to be in furtherance of: the conspiracy to provide material support or the conspiracy to kill, kidnap, maim and injure persons or property in a foreign country. This must be clarified. As the

government's use of the same overt act in furtherance of two different and separate conspiracies which are alleged may constitute double jeopardy or multiplicity.

Secondly, the conspiracy to provide material support is alleged to have began "in or about late 1997 to on or about November 27, 2003". The defendant has no idea when the government is alleging an agreement was made, or when other co-conspirators may have committed acts in furtherance of this conspiracy. Nor with whom the agreement was made, or how it will be shown that defendant knew what the object of the agreement was. The indictment as it stands includes a time-span of six years. Thus, requiring defendant to anticipate the need to defend against acts made within this long time period. This is extremely burdensome and prejudices defendant's ability to prepare for trial. As well, it permits the government wide latitude from which to draw information and heightens the possibility of surprise at trial.

Third, there is no indication by the government as to what the material support the defendant was conspiring to provide was. Again, because the date range for this conspiracy is six years it is difficult to ascertain the specific material support the government is alleging. Again, the information provided is insufficient to allow the defendant intelligent and proficient trial preparation. Again, this too heightens the probability of surprise at trial.

For the foregoing reasons defendant requests he be provided the precise nature, scope, duration and membership of the conspiracy. He requests this for each conspiracy – that alleged under § 2339A and that alleged under § 956. He also requests the identification of what material support is alleged to have been provided, concealed or disguised in count one.

### III. COUNT TWO – CONSPIRACY TO PROVIDE MATERIAL SUPPORT TO A DESIGNATED FOREIGN TERRORIST ORGANIZATION (FTO)

Count two of the indictment charges Mr. Abdi with conspiracy to violate 18 U.S.C. § 2339B. The FTO he is alleged to have conspired to provide material support to is "to wit, al Qaeda". Here again the dates for the alleged violation begin "in or about late 1997 or early 1998 to on or about November 27, 2003". Still this is a period of approximately six years under which the conspiracy is alleged. The defendant has no idea when the government is

alleging an agreement was made, or when other co-conspirators may have committed acts in furtherance of this conspiracy. Nor with whom the agreement was made, or how it will be shown that defendant knew what the object of the agreement was.

Secondly, the criminal conduct is alleged to have occurred in the Southern District of Ohio "and elsewhere". Thus, there is no clarification provided by an alleged location which the defendant might be guided and able to narrow the case in order to effectively prepare for trial.

Third, there is no information in the indictment regarding what segment, what person, or what entity the defendant had contact with which indicates that he was in fact was contacting or connected to al Qaeda. Defendant presumably could not "provide material support to al Qaeda" unless he in fact had contact with al Qaeda. Defendant is unaware how the government intends to show such contact or how the government defines al Qeada as alleged in this indictment.

All of the above three insufficiencies under count two of the indictment make it overly burdensome for the defendant to prepare for trial. They demonstrate there is a high probability of surprise at trial as there are no specifics alleged in the indictment regarding the nature, scope, duration and membership of the conspiracy. In addition, the vagueness of count two makes it impossible for the defendant to prevent the possibility of being tried again for the same offense.

**IV.  COUNT THREE – FRAUD & MISUSE OF DOCUMENTS TO FACILITATE TERRORISM**

Count three of the indictment charges Mr. Abdi with fraudulently obtaining a travel document on or about June 11, 1999. It then further alleges that the procurement of this document was committed by Mr. Abdi "to facilitate an act of international terrorism" under 18 U.S.C. § 2331. There is no information in the indictment regarding what act of terrorism the defendant was allegedly facilitating. This again, is an extreme lack of specificity regarding an essential element the government will be required to prove. The defendant has no information as to what the government intends to show at trial as "the act of international terrorism" that the defendant was allegedly going to facilitate. Here again, the possibility of surprise at trial is

heightened and of grave concern to the defendant, since this deals with potentially highly prejudicial and inflammatory information.  In addition, the defendant would be unable in the future to defend against double jeopardy under the indictment as charged.  With the indictment as it now stands, it would be virtually impossible for the defendant to defend against double jeopardy as no specific act of international terrorism is alleged.

For the foregoing reasons defendant requests the alleged act, the scope of the act, the date of the act, and who allegedly would participate in the act of international terrorism be defined.  As well, defendant requests he be provided the connections and details of said act which substantiate it as one that meets the definition of an international act of terrorism under § 2331.

**V.    COUNT FOUR – FRAUD & MISUSE OF DOCUMENTS TO FACILITATE AN ACT OF TERRORISM**

Count four of the indictment charges Mr. Abdi very similarly to count three. The difference is the fraud under count four is alleged to have occurred when Mr. Abdi obtained a second travel document on March 25, 2000.  It then further alleges that the fraudulent procurement of this document was done "to facilitate an act of international terrorism, as defined in Title 18, United States Code, Section 2331."  Defendant reiterates the same request as that under count three for the same reasons.

Defendant requests the following be identified: the alleged act (of international terrorism), the scope of the act, the date of the act, and who allegedly would participate in the act of international terrorism.  As well, defendant requests he be provided the connections and details of said act which substantiate it as one that meets the definition of an international act of terrorism under § 2331.

**CONCLUSION**

For all the reasons stated above, Mr. Abdi's motion for a bill of particulars should be granted, and the government should be ordered to provide a bill of particulars as specified in the motion.

Dated:  May 27, 2005            Respectfully Submitted,

            By: s/ Mahir T. Sherif, Esq.
               MAHIR T. SHERIF (CA Bar No. 135021)
               3376 30th Street
               San Diego, CA  92104
               (619) 297-4444
               Fax: (619) 297-4115
               sheriflaw@sbcglobal.net

               Attorney for Defendant