Jnited States solely,
⸍ to engage in prosti-
prostitution within 10
⸍plication for a visa,
⸍f status,
:tly procures or at-
ithin 10 years of the
  visa, admission, or
ured or attempted to
titutes or persons for
:ion, or receives or
⸍d) received, in whole
⸍ of prostitution, or
Jnited States to en-
commercialized vice.
⸍rostitution,

in serious criminal
asserted immunity

in the United States
ninal offense (as de-
his title),
  from criminal juris-
⸍ respect to that of-

ce of the offense and
  departed from the

iently submitted ful-
  court in the United
with respect to that

aiver of certain sub-
⸍ see subsection (h)

⸍fficials who have
ly severe violations

ıg as a foreign gov-
⸍ible for or directly
cularly severe viola-
⸍ defined in section
e

n persons

a report submitted
of Title 22, or who
  Attorney General
⸍ve is or has been a

knowing aider, abettor, assister, conspirator, or colluder with such a trafficker in severe forms of trafficking in persons, as defined in the section 7102 of Title 22, is inadmissible

**(ii) Beneficiaries of trafficking**

Except as provided in clause (iii), any alien who the consular officer or the Attorney General knows or has reason to believe is the spouse, son, or daughter of an alien inadmissible under clause (i), has, within the previous 5 years, obtained any financial or other benefit from the illicit activity of that alien, and knew or reasonably should have known that the financial or other benefit was the product of such illicit activity, is inadmissible

**(iii) Exception for certain sons and daughters**

Clause (ii) shall not apply to a son or daughter who was a child at the time he or she received the benefit described in such clause

**(I) Money laundering**

Any alien—
(i) who a consular officer or the Attorney General knows, or has reason to believe, has engaged, is engaging, or seeks to enter the United States to engage, in an offense which is described in section 1956 or 1957 of Title 18 (relating to laundering of monetary instruments); or
(ii) who a consular officer or the Attorney General knows is, or has been, a knowing aider, abettor, assister, conspirator, or colluder with others in an offense which is described in such section;
is inadmissible.

**(3) Security and related grounds**

**(A) In general**

Any alien who a consular officer or the Attorney General knows, or has reasonable ground to believe, seeks to enter the United States to engage solely, principally, or incidentally in—
(i) any activity (I) to violate any law of the United States relating to espionage or sabotage or (II) to violate or evade any law prohibiting the export from the United States of goods, technology, or sensitive information,
(ii) any other unlawful activity, or
(iii) any activity a purpose of which is the opposition to, or the control or overthrow of, the Government of the United States by force, violence, or other unlawful means,
is inadmissible

**(B) Terrorist activities**

**(i) In general**

Any alien who—
(I) has engaged in a terrorist activity,
(II) a consular officer or the Attorney General knows, or has reasonable ground to believe, is engaged in or is likely to engage after entry in any terrorist activity (as defined in clause (iv)),
(III) has, under circumstances indicating an intention to cause death or serious bodily harm, incited terrorist activity,
(IV) is a representative (as defined in clause (v)) of—
(aa) a foreign terrorist organization, as designated by the Secretary of State under section 1189 of this title, or
(bb) a political, social or other similar group whose public endorsement of acts of terrorist activity the Secretary of State has determined undermines United States efforts to reduce or eliminate terrorist activities,
(V) is a member of a foreign terrorist organization, as designated by the Secretary under section 1189 of this title, or which the alien knows or should have known is a terrorist organization [1]
is inadmissible. An alien who is an officer, official, representative, or spokesman of the Palestine Liberation Organization is considered, for purposes of this chapter, to be engaged in a terrorist activity.
(VI) [2] has used the alien's position of prominence within any country to endorse or espouse terrorist activity, or to persuade others to support terrorist activity or a terrorist organization, in a way that the Secretary of State has determined undermines United States efforts to reduce or eliminate terrorist activities, or
(VII) is the spouse or child of an alien who is inadmissible under this section, if the activity causing the alien to be found inadmissible occurred within the last 5 years,

**(ii) Exception**

Subclause (VII) of clause (i) does not apply to a spouse or child—
(I) who did not know or should not reasonably have known of the activity causing the alien to be found inadmissible under this section; or

GOVERNMENT
EXHIBIT
3