8 CFR Ch. I (1-1-05 Edition)

(b) *Correction of endorsement on immigrant visa.* If the alien is subject to the provisions of section 216 of the Act, but the classification endorsed on the immigrant visa does not so indicate, the endorsement shall be corrected and the alien shall be admitted as a lawful permanent resident on a conditional basis, if otherwise admissible. Conversely, if the alien is not subject to the provisions of section 216 of the Act, but the visa classification endorsed on the immigrant visa indicates that the alien is subject thereto (e.g., if the second anniversary of the marriage upon which the immigrant visa is based occurred after the issuance of the visa and prior to the alien's application for admission) the endorsement on the visa shall be corrected and the alien shall be admitted as a lawful permanent resident without conditions, if otherwise admissible.

(c) *Expired conditional permanent resident status.* The lawful permanent resident alien status of a conditional resident automatically terminates if the conditional basis of such status is not removed by the Service through approval of a Form I-751, Petition to Remove the Conditions on Residence or in the case of an alien entrepreneur (as defined in section 216A(f)(1) of the Act), Form I-829 Petition by Entrepreneur to Remove Conditions. Therefore, an alien who is seeking admission as a returning resident subsequent to the second anniversary of the date on which conditional residence was obtained (except as provided in § 211 1(b)(1) of this chapter) and whose conditional basis of such residence has not been removed pursuant to section 216(c) or 216A(c) of the Act whichever is applicable, shall be placed under removal proceedings. However, in a case where conditional residence was based on a marriage removal proceedings may be terminated and the alien may be admitted as a returning resident if the required Form I-751 is filed jointly, or by the alien alone (if appropriate), and approved by the Service. In the case of an alien entrepreneur removal proceedings may be terminated and the alien admitted as a returning resident if the required Form I-829 is filed by the alien entrepreneur and approved by the Service.

[62 FR 10360, Mar 6, 1997]

426

---

## PART 236—APPREHENSION AND DETENTION OF INADMISSIBLE AND DEPORTABLE ALIENS; REMOVAL OF ALIENS ORDERED REMOVED

### Subpart A—Detention of Aliens Prior to Order of Removal

Sec.
236.1 Apprehension, custody, and detention
236.2 Confined aliens, incompetents, and minors
236.3 Detention and release of juveniles.
236.4 Removal of S-5, S-6 and S-7 nonimmigrants
236.5 Fingerprints and photographs
236.6 Information regarding detainees
236.7-236.9 [Reserved]

### Subpart B—Family Unity Program

236.10 Description of program
236.11 Definitions
236.12 Eligibility
236.13 Ineligible aliens
236.14 Filing.
236.15 Voluntary departure and eligibility for employment.
236.16 Travel outside the United States
236.17 Eligibility for Federal financial assistance programs
236.18 Termination of Family Unity Program benefits

AUTHORITY: 5 U.S.C. 301 552, 552a; 8 U.S.C. 1103, 1182, 1224, 1225, 1226, 1227 1231, 1362; 18 U S C 4002 4013(c)(4); 8 CFR part 2

SOURCE: 62 FR 10360 Mar 6 1997 unless otherwise noted

### Subpart A—Detention of Aliens Prior to Order of Removal

§236.1 **Apprehension, custody, and detention.**

(a) *Detainers.* The issuance of a detainer under this section shall be governed by the provisions of §287.7 of this chapter.

(b) *Warrant of arrest*—(1) *In general.* At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I-200. Warrant of Arrest A warrant of arrest may be issued only by those immigration officers listed in §287.5(e)(2) of this chapter and may be served only by those immigration officers listed in §287.5(e)(3) of this chapter.

(2) If, after the issuance of a warrant of arrest, a determination is made not to serve it, any officer authorized to issue such warrant may authorize its cancellation

(c) *Custody issues and release procedures*—(1) *In general.* (i) After the expiration of the Transition Period Custody Rules (TPCR) set forth in section 303(b)(3) of Div. C of Pub L. 104-208 no alien described in section 236(c)(1) of the Act may be released from custody during removal proceedings except pursuant to section 236(c)(2) of the Act.

(ii) Paragraph (c)(2) through (c)(8) of this section shall govern custody determinations for aliens subject to the TPCR while they remain in effect For purposes of this section, an alien ' subject to the TPCR" is an alien described in section 303(b)(3)(A) of Div C of Pub L 104-208 who is in deportation proceedings, subject to a final order of deportation, or in removal proceedings The TPCR do not apply to aliens in exclusion proceedings under former section 236 of the Act, aliens in expedited removal proceedings under section 235(b)(1) of the Act, or aliens subject to a final order of removal

(2) *Aliens not lawfully admitted* Subject to paragraph (c)(6)(i) of this section, but notwithstanding any other provision within this section, an alien subject to the TPCR who is not lawfully admitted is not eligible to be considered for release from custody

(i) An alien who remains in status as an alien lawfully admitted for permanent residence conditionally admitted for permanent residence or lawfully admitted for temporary residence is "lawfully admitted" for purposes of this section

(ii) An alien in removal proceedings in deportation proceedings, or subject to a final order of deportation and not described in paragraph (c)(2)(i) of this section, is not "lawfully admitted" for purposes of this section unless the alien last entered the United States lawfully and is not presently an applicant for admission to the United States

(3) *Criminal aliens eligible to be considered for release.* Except as provided in this section, or otherwise provided by

427