172 F.3d 874 (Table)  
172 F.3d 874 (Table), 1998 WL 964236 (6th Cir. (Mich.))  
**Unpublished Disposition**  
**(Cite as: 172 F.3d 874, 1998 WL 964236 (6th Cir.(Mich.)))**

**Page 5**

Briefs and Other Related Documents

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA6 Rule 28 and FI CTA6 IOP 206 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Sixth Circuit.  
UNITED STATES OF AMERICA, Plaintiff-Appellee,  
v.  
Kenneth JACKSON, Defendant-Appellant.  
No. 97-2135.

Dec. 28, 1998.

On Appeal from the Eastern District of Michigan, Southern Division.

Before NELSON and NORRIS, Circuit Judges; SARGUS, District Judge. [FN*]

SARGUS, J.

**1 This appeal seeks a second review of appellant's conviction on two counts of possessing firearms and ammunition while under a legal disability, in violation of 18 U.S.C. § 922(g)(1) In his first appeal, appellant, Kenneth Jackson, challenged the legality of his arrest. A panel of this Court found that appellant's arrest was unlawful in that the arrest was not supported by probable cause. *United States v Jackson,* No. 95-2307 (6th Cir July 3, 1997) (unpublished) (per curiam).

The case was remanded to the district court to determine whether appellant's subsequent confession was sufficiently attenuated from the unlawful arrest so as to be admissible. Subsequent to remand, the district court held an evidentiary hearing, and determined that under the criteria enumerated in *Brown v Illinois,* 422 U.S. 590 (1975), the confession was admissible.

I.  
While the illegality of the arrest has been conclusively determined by the prior decision of this Court, certain factual matters involved in the arrest

bear on whether the subsequent confession was sufficiently removed from the initial unlawful conduct At the time of arrest, appellant was residing with Annie Maxine Johnson. Johnson had been previously employed by the Commercial Bank, which was robbed on October 27, 1994. Johnson was a suspect in the robbery. On November 8, 1994, Officer Budz of the Detroit Police Department went to Johnson's residence in order to question her. Appellant answered the door and advised Officer Budz that Johnson was at her place of employment. Officer Budz asked appellant to have Ms. Johnson call Sergeant Forrest, who was in charge of the investigation.

After Officer Budz left, appellant set up a three way call including himself, Johnson and Sergeant Forrest Johnson agreed to meet with Sergeant Forrest at police headquarters. Meanwhile, Officer Budz traveled to Johnson's place of employment. While waiting to see her, Officer Budz spoke to Sergeant Forrest who told Budz of the prior conversation with Johnson. Johnson's co-workers told Budz that Johnson had to leave work to handle a family emergency.

Officer Budz thereupon arranged for another squad car to watch the residence of appellant and Johnson. As Johnson and appellant were entering their automobile, allegedly to meet with Sergeant Forrest, Officer Budz arrested them, because he believed appellant was aiding Johnson in an escape Thereafter, a search warrant was obtained and several firearms, together with ammunition, were seized.

Appellant and two police witnesses offered conflicting testimony as to the next sequence of events. Appellant claimed that while in the police headquarters he asked for an attorney. According to Officer Budz and Detective Coleman, no such request was made. The day after the arrest, it is undisputed that, while in police custody, appellant signed a waiver of his right to counsel and to remain silent. He then confessed to owning the firearms found at the residence.

**2 On remand, the district court found that the appellant's confession was sufficiently attenuated from the unlawful arrest to render the statements admissible. The district court found that during the time between the arrest and confession, the appellant

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works


GOVERNMENT EXHIBIT

10

CARDELS 800-783-0399

was not harassed by law enforcement officials and that there was no evidence of police misconduct.

## II.

In reviewing the district court's determination on a suppression question, this Court must accept the trial court's factual findings unless the same are clearly erroneous; the district court's application of the law to the facts is reviewed *de novo. United States v Thomas,* 11 F.3d 620, 627 (6th Cir 1993).

Appellant contends that the district court misapplied the holding in *Brown v. Illinois,* 422 U.S. 590 (1975). The Supreme Court therein considered whether a properly Mirandized confession should be suppressed if the confession was given following an unlawful arrest. In *Brown,* two police officers, without a warrant, had broken into the defendant's residence and searched the premises. When the defendant returned to his residence, he was arrested at gunpoint. *Id* at 591. The defendant was taken to police headquarters for the next seven and one-half hours, interrogated by police and, after he was given, in full, the warnings prescribed by *Miranda v Arizona,* 384 U.S 436 (1966), confessed to murder. The officers testified that the defendant was arrested for the purpose of questioning him concerning the murder. *Brown,* 422 U.S. at 591

The Supreme Court held that the giving of the *Miranda* warning could not, by itself, purge the effect of the unlawful arrest. *Brown,* at 602. Instead, any subsequent confession must be "sufficiently an act of free will to purge the primary taint ..." *Id* at 602 (citing *Wong Sun v United States,* 371 U.S. 471, 486 (1963)). The Court thereupon adopted a three prong analysis which requires consideration of the following factors in determining whether the taint has been purged: (1) the temporal proximity of the arrest and the confession; (2) the presence of intervening circumstances; and (3) particularly, the flagrancy of the official misconduct. *Id* at 603-04.

In the instant matter, the district court found that appellant's confession was sufficiently attenuated from the unlawful arrest and was therefore admissible. The district court emphasized that from the time of arrest until the confession, the appellant was not subjected to mistreatment by police officers. The court also emphasized that no officer misconduct occurred after the arrest. While the district court did not fully expound upon the three criteria set forth in *Brown v Illinois,* the court did correctly conclude that the confession was freely and voluntarily given

and sufficiently attenuated from the unlawful arrest

The appellant confessed approximately twenty-four (24) hours after his arrest, and was not immediately questioned following his initial detainment. Not until the following morning was the appellant interrogated by Officer Butz and a detective. The length of time between the unlawful arrest and confession is "an ambiguous factor" in determining whether sufficient attenuation has occurred. *Dunaway v. New York,* 442 U.S 200, 220 (1979) (Stevens, J., concurring). A prolonged detention may result in perceived pressure on a defendant, while a shorter period of detention may not. Conversely, the closer a confession is given in time to the unlawful arrest, the increase in probability that the confession was the result of the arrest *Id*

**3 In this case, the timing of the confession argues in favor of admissibility. Appellant was left alone by potential police interrogators for an entire day. He was not put through lineups, questioning, or custodial transfers. No law enforcement officer conveyed investigatory information to him in the hopes of eliciting a response. Under the first criterion in *Brown v Illinois,* the confession was given at a time sufficiently removed from the arrest to indicate that the statements were the product of free will.

With reference to the second criterion in *Brown,* no significant intervening events occurred. Normally, the absence of intervening events creates a suspicion that a confession may not be sufficiently attenuated from the illegal arrest. In this case, however, the factor neither aids nor inhibits the appellant's position. The record reveals that appellant spent most of the time between his arrest and confession by himself. In *Dunaway* and *Brown,* by contrast, the defendants were interrogated continuously before they made incriminating statements. Here, nothing but a mere lapse of time occurred and nothing happened that may be construed as attenuating the confession or aggravating the original unlawful arrest In sum, the presence or absence of intervening events did not contribute to appellant's ability to consider carefully and objectively his options and to exercise his free will.

The final issue to be considered under the *Brown* analysis is the degree of flagrancy of the official misconduct. In *Brown,* the Court noted that the unlawful arrest was admittedly designed "for the purpose of questioning Brown." *Brown,* 422, U.S. at 592. Moreover, the arrest was preceded by an

© 2005 Thomson/West No Claim to Orig. U.S. Govt. Works.

172 F.3d 874 (Table)  
(Cite as: 172 F.3d 874, 1998 WL 964236, **3 (6th Cir.(Mich.)))

unlawful break-in of Brown's residence.

In contrast here, there is no suggestion in the record that Jackson was arrested for the purpose of custodial interrogation. Further, the arrest, while unlawful in that Officer Budz lacked probable cause, appears to have been made upon erroneous assumptions, rather than intentional unlawful motives. Officer Budz apparently misconstrued the message given by Ms. Johnson to her employer that she had to leave work on an emergency basis to deal with a family matter. Officer Budz may have known that Johnson and appellant had spoken to Sergeant Forrest and agreed to come in for questioning. While his fear that they were attempting to flee or escape was legally insufficient to establish probable cause for an arrest, Budz's conduct was at best misguided, but was not undertaken in flagrant violation of appellant's constitutional rights.

It is also clear that Officer Budz's arrest of appellant was not done to permit a custodial interrogation. Budz did not even question Jackson until the following day. Further, the crime about which appellant later confessed was not the bank robbery that initiated the investigation and arrest. Instead, Jackson was questioned concerning firearms found in the course of a lawful search undertaken by police after obtaining a valid search warrant.

**4 Finally, in *Brown,* the Supreme Court emphasized that "[t]he question whether a confession is the product of a free will under *Wong Sun* must be answered on the facts of each case. No single fact is dispositive." *Id.* at 602. Based upon the facts in this case, the district court correctly determined that the confession was sufficiently attenuated from the unlawful arrest to be admissible at trial.

The decision of the district court is affirmed.

> FN* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

172 F.3d 874 (Table), 1998 WL 964236 (6th Cir.(Mich.))  
Briefs and Other Related Documents (Back to top)

· 97-2135 (Docket) (Oct. 29, 1997)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.