Law Office of Mahir T. Sherif
MAHIR T. SHERIF, Esq. (SB# 135021)
3376 30th Street
San Diego, CA  92104
Ph:  619-297-4444
Fx:  619-297-4115

Attorney for Defendant, Nuradin Abdi

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.:  2:04CR88 |
| | ) | |
| Plaintiff, | ) | (Honorable Algenon L. Marbley) |
| | ) | |
| vs. | ) | |
| | ) | |
| NURADIN ABDI, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S REQUEST FOR A *JAMES* HEARING, AND MOTION IN LIMINE TO PRECLUDE INADMISSIBLE HEARSAY STATEMENTS OF ALLEGED CO-CONSPIRATORS**

Defendant, Nuradin Abdi, by and through his undersigned counsel, and pursuant to the Sixth Amendment's Confrontation Clause, Federal Rule of Evidence 801(d)(2)(E), and United States v. James, 590 F.2d 575 (5th Cir. 1979), respectfully requests this Court to preclude the admission of alleged co-conspirator statements against Mr. Abdi absent the government establishing, prior to trial and in any case prior to their admission, the requirements of Rule 801(d)(2)(E).  Said requirements are that: (1) the conspiracy existed, (2) Mr. Abdi and the declarant were members of the conspiracy, and (3) the statement was made during the course

of and in furtherance of the conspiracy.  Fed.R.Evid. 801(d)(2)(E).  In order to determine these requirements, Mr. Abdi requests a *James* hearing.

In the alternative, upon this Court's finding of a conspiracy, the defendant requests this Court make a preliminary ruling that any hearsay statement made by a co-conspirator that does not meet the additional requirements of "in furtherance of" and "during the course of the conspiracy" be excluded from evidence.

Finally, defendant requests this Court preclude from evidence hearsay within hearsay statements that are contained in defendant's alleged statements to government agents.  The second level of hearsay within defendant's statements fail to meet a hearsay exception and are thus inadmissible.

## FACTUAL BACKGROUND

The indictment in this case alleges two conspiracies, both of which allegedly began "in or about" late 1997, and both of which ended on or about November 27, 2003.  The conspiracy alleged does not specify with whom the defendant conspired with, but rather broadly alleges "other persons" as the co-conspirators.  It is evident through the course of discovery who two of the alleged co-conspirators are.

The government will seek to introduce at trial the hearsay statements of these alleged co-conspirators against Mr. Abdi as co-conspirator statements, pursuant to Federal Rule of Evidence 801(d)(2)(E).  Mr. Abdi objects to the admission of any and all hearsay statements of co-conspirators absent a showing that each meets the requirements of Rule 801(d)(2)(E) and the Sixth Amendment's Confrontation Clause.  Defendant further objects to these hearsay statements in and of themselves being the proof of the existence of the conspiracy pursuant to Bourjarily v. United States, 483 U.S. 171, 180-81 (1987) and express amendments to Rule 801(d). Fed.R.Evid. 801(d) advisory comm. notes 1997.

///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S REQUEST FOR A *JAMES* HEARING, AND MOTION IN LIMINE TO PRECLUDE INADMISSIBLE HEARSAY STATEMENTS OF ALLEGED CO-CONSPIRATORS

## ARGUMENT

**I. DEFENDANT RESPECTFULLY REQUESTS THE COURT DISCRETIONALLY OFFER DEFENDANT A *JAMES* HEARING**

Federal Rule of Evidence 801(d)(2)(E) provides that a statement by a co-conspirator "during the course and in furtherance of a conspiracy" are admissions by party-opponents. Admissions by party-opponents are not hearsay so long as they are offered against a party. Fed.R.Evid. 801(d)(2).  In order for a statement by a co-conspirator to be admissible against Mr. Abdi the government must establish by preponderance of the evidence that: (1) the conspiracy existed, (2) Mr. Abdi and the declarant were members of the conspiracy, and (3) the statement was made during the course of and in furtherance of the conspiracy. Bourjarily v. United States, 483 U.S. 171, 175-76 (1987); United States v. Emuegbunam, 268 F.3d 377, 395 (6th Cir. 2001); *see* Fed. R. Evid. 801(d)(2)(E).  As well, these preliminary findings concerning the admissibility of the hearsay statement must be made by the Court. Bourjarily, 483 U.S. at 175; Fed.R.Evid. 104(a)(Preliminary questions concerning the admissibility of evidence shall be determined by the court.).

The case of United States v. Enright, 579 F.2d 980 (6th Cir. 1978) began the establishment of the Sixth Circuit's guidelines for administering the co-conspirator non-hearsay rule.  At this point, the court had discretion as to the mode and order of proof at trial and no hard and fast rules of **how** and **when** to determine admissibility of co-conspirators hearsay statements were conclusive. United States v. Vinson, 606 F.2d 149 (1979).  Thus, there existed several acceptable methods for dealing with the admissibility of hearsay of co-conspirators.  One of which was the "mini-hearing" in which the court, without a jury, hears the government's proof of conspiracy and makes the preliminary Enright finding. Id. at 152.  As well, the judge could choose to admit the hearsay statements subject to later demonstration of their admissibility by

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S REQUEST FOR A *JAMES* HEARING, AND MOTION IN LIMINE TO PRECLUDE INADMISSIBLE HEARSAY STATEMENTS OF ALLEGED CO-CONSPIRATORS

Page 3 of 9                                                                                     CR 2-04-88

a preponderance of the evidence. Id. at 153. Subsequently, the Sixth Circuit held that a hearing to determine the admissibility was not a necessary requirement in the Sixth Circuit. United States v. Jones, 678 F.Supp. 1302 (D. Ohio 1988). Defendant herein respects this Circuits ruling that a *James* hearing is not always necessary, however, defendant asserts that it is ideal. Otherwise statements which may not be admissible in the end are heard by the jury. The effect can be irreversible. Pursuant to Federal Rule of Evidence 103(c), in jury cases proceedings are to be conducted, to the extent practicable, so as to **prevent** inadmissible evidence from being suggested to the jury by any means. Therefore, defendant respectfully requests this court discretionally provide a *James* hearing as it is in the best interest of justice, particularly in the case at bar.

This Court may choose not to offer a *James* hearing and conditionally admit co-conspirator statements subject to later demonstration of their admissibility by a preponderance of the evidence. United State v. Vinson, 606 F.2d 149, 153 (6th Cir. 1979). Should this be the case, the defendant requests the Court require the government to introduce its independent proof of the conspiracy and Mr. Abdi's participation in it prior to admitting co-conspirator statements against Mr. Abdi. Since the government cannot rely solely on the co-conspirator statements to prove these matters, pursuant to Federal Rule of Evidence 801(d)(2(E), and the Court is to avoid inadmissible evidence from being suggested to the jury by any means, this is the logical and orderly solution to be applied.

**II. DEFENDANT REQUESTS THIS COURT FIND CO-CONSPIRATOR HEARSAY STATEMENTS THAT WERE MADE OUTSIDE THE SCOPE OF THE CONSPIRACY INADMISSIBLE HEARSAY**

Should this Court at any given point in time find that an alleged conspiracy existed, defendant further objects to the admissibility of hearsay statements by co-conspirators that

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S REQUEST FOR A *JAMES* HEARING, AND MOTION IN LIMINE TO PRECLUDE INADMISSIBLE HEARSAY STATEMENTS OF ALLEGED CO-CONSPIRATORS

Page 4 of 9                                             CR 2-04-88

were not made in furtherance of or during the course of the conspiracy.  As detailed above, in order for a hearsay statement of a co-conspirator to be admissible it must be made during the course of and in furtherance of the conspiracy. Fed.R.Evid. 801(d)(2)(E).  The government has provided defendant with discovery in this case that contains hearsay statements made by alleged co-conspirators.  Some of these statements were made well after the conspiracy is alleged to have ended, and possibly prior to and outside the scope of any alleged conspiracy.

In particular, counts one and two allege the conspiracy ended on or about November 27, 2003.  Any hearsay statement of an alleged co-conspirators made after November 27, 2003 cannot meet the "during the course of" and "in furtherance of" requirement under Federal Rule of Evidence 801(d)(2)(E).  Thus, they are inadmissible hearsay.  Defendant respectfully requests this court make a preliminary ruling to exclude all hearsay statements made by any alleged co-conspirators that were made after November 27, 2003 (or any other such date as the Court deems the end of the conspiracy should this Court ultimately find that a conspiracy actually existed.).

In addition, any co-conspirator hearsay statement made prior to the formation of a conspiracy (if a conspiracy existed) should also be excluded as it cannot meet the "during the existence of" requirement.  Furthermore, statements made prior to Mr. Abdi's entrance into the conspiracy (if he ever entered it) should be excluded. United States v. Garcia, 13 F.3d 1464, 1472 (11th Cir. 1994)(Finding it was clearly erroneous for the district court to have admitted a co-conspirator's hearsay statement that was made prior to the formation of the conspiracy with the defendant.).

///

///

**III.  DEFENDANT RESPECTFULLY REQUESTS THE COURT PRECLUDE FROM EVIDENCE THE DOUBLE HEARSAY STATEMENTS MADE BY THE DEFENDANT TO GOVERNMENT AGENTS THAT DO NOT MEET HEARSAY EXCEPTIONS**

**a.  Factual Background**

The defendant made several statements to government agents in this case.  Contained in these statements is double hearsay.  For example, in viewing one agent's report we see several of these double hearsay statements.[1] On the date of November 30, 2003, defendant made several statements to government agents.  First off, the report itself is hearsay.  Secondly, defendant himself is the declarant making these statements to the agents. He made these statements outside of court: he was at the Immigrations and Customs Enforcement office.[2] Thus, each statement by the defendant to the agents is itself hearsay within hearsay.  Fed.R.Evid. 801(c).  It follows then that each statement made by the defendant (itself a hearsay statement) that recounts what another individual told him (second hearsay statement) is now triple hearsay.[3]  There are several of these.  Looking at Exhibit A, we see included in it the following examples (but not limited to these examples): "Faris stated the United States had destroyed Afghanistan."; "Abdi was told by Khalid Jamil…"; "Faris told Abdi of his meeting with Usama bin Laden…."; "Faris stated that, "You will know."; "Faris later told him the plan.".

---

[1] Federal Bureau of Investigation-302, date of transcription: 12/01/2003 is attached as Exhibit A.

[2] Exhibit A.

[3] Defendant presumes that agents will testify to these statements and that the reports will not be offered as evidence as they are precluded by Johnson v. Lutz, 253 N.Y. 124 (1930).  Thus, removing the first hearsay element: the report itself.

Defendant presumes that the government will call the respective agents to which the defendant made these statements and that they will attempt to testify to double and possibly triple hearsay.  The government will be offering these statements for the truth of the matter asserted; that is, to prove that what was stated in the statements did actually occur (which in effect is to prove that a conspiracy existed; which one cannot exist with facts that are not actually happening, occurring and being proven).  Defendant objects to the entry of double and/or triple hearsay statements without a showing that the government has met each component of the hearsay with an applicable exception.

### b.  Hearsay Within Hearsay Is Not Admissible Unless Each Part of the Combined Statements Conform with an Exception to the Hearsay Rule

Federal Rule of Evidence 805 precludes the introduction of evidence that is "hearsay within hearsay" unless each part of the combined statements conforms to an exception to the hearsay rule.  Thus, unless the government can show an exception for each hearsay component the statement must be excluded.  The first hearsay component, that the defendant is making the statement outside of court, is met by the non-hearsay rule of admission by party-opponent.  Fed.R.Evid. 801(d)(2).  However, the second hearsay component, the statements defendant is recounting to the officers that were made by third parties do not meet any hearsay exception.

### i.  The Statements Do Not Qualify as Not Being Offered for The Truth of the Matter Asserted

The government will be offering these statements for the truth of the matter asserted; that is, to prove that what was stated in the statements did actually occur (which in effect is to prove that a conspiracy existed; again a conspiracy cannot exist with facts that are not actually happening, occurring and being proven).  Thus, the government cannot rely on the assertion that they are offering the statement only to show that the statement was made, that is, not for

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S REQUEST FOR A *JAMES* HEARING, AND MOTION IN LIMINE TO PRECLUDE INADMISSIBLE HEARSAY STATEMENTS OF ALLEGED CO-CONSPIRATORS

Page 7 of 9                                    CR 2-04-88

its truth.  This is not the case with any of these statements, because all of these statements will be offered by the government for their truth.  Primarily, it will be essential for the government to offer them for their truth, because without their truth the statements cannot prove any circumstance or fact that surrounded the alleged conspiracy.  Without their truth they merely exist as statements made and prove no substance of the alleged conspiracy.

> ### ii.  The Only Possible Exception for these Statements Is Admission By Party-opponent, Rule 801(d)(2)(E) Which Again Requires Three Elements be Proven Before the Statements are Entered Into Evidence.

The government may attempt to qualify the statements of these third parties that were recounted by the defendant to the government agents as co-conspirator statements.  As discussed supra, in order for a statement by a co-conspirator to be admissible against Mr. Abdi the government must establish by preponderance of the evidence that: (1) the conspiracy existed, (2) Mr. Abdi and the declarant were members of the conspiracy, and (3) the statement was made during the course of and in furtherance of the conspiracy. Bourjarily v. United States, 483 U.S. 171, 175-76 (1987); United States v. Emuegbunam, 268 F.3d 377, 395 (6th Cir. 2001); *see* Fed. R. Evid. 801(d)(2)(E).  Defendant respectfully requests that before any statement that is double hearsay be admitted under this exception that all three requirements of rule 801(d)(2)(E) be met before this court.

In conclusion, any statement that cannot meet the three requirements must be excluded.  In particular, defendant points out that any third party hearsay statement not made by a co-conspirator must be found inadmissible.

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S REQUEST FOR A *JAMES* HEARING, AND MOTION IN LIMINE TO PRECLUDE INADMISSIBLE HEARSAY STATEMENTS OF ALLEGED CO-CONSPIRATORS

Page 8 of 9                                                           CR 2-04-88

Dated: ___September 2, 2005___          Respectfully Submitted,

                                        By:      s/ Mahir T. Sherif, Esq._____
                                                 MAHIR T. SHERIF (CA Bar No. 135021)
                                                 3376 30th Street
                                                 San Diego, CA  92104
                                                 (619) 297-4444
                                                 Fax: (619) 297-4115
                                                 sheriflaw@sbcglobal.net
                                                 Attorney for Defendant

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S REQUEST FOR A
*JAMES* HEARING, AND MOTION IN LIMINE TO PRECLUDE INADMISSIBLE HEARSAY
STATEMENTS OF ALLEGED CO-CONSPIRATORS