Law Office of Mahir T. Sherif
MAHIR T. SHERIF, Esq. (SB# 135021)
3376 30th Street
San Diego, CA  92104
Ph:  619-297-4444
Fx:  619-297-4115

Attorney for Defendant, Nuradin Abdi

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.:  2:04CR88 |
| | ) | |
| Plaintiff, | ) | (Honorable Algenon L. Marbley) |
| | ) | |
| vs. | ) | |
| | ) | |
| NURADIN ABDI, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANT'S MOTIONS IN LIMINE TO PRECLUDE EVIDENCE (#1,2)**

Defendant, Nuradin Abdi, by and through his undersigned counsel, respectfully

requests this Court to preclude the admission of computer images from computers seized from

Defendant's workplace and editorial statements contained within the seized Jihad manual.

**ARGUMENT**

I.  **DEFENDANT RESPECTFULLY REQUESTS THE COURT PRECLUDE**
**FROM EVIDENCE IMAGES FOUND ON COMPUTERS AT THE**
**DEFENDANT'S PLACE OF EMPLOYMENT**

Defendant objects to the admission of computer images found on computers located at

defendant's place of employment.  There is an insufficient link between the photos and the

defendant, they are irrelevant to any fact of consequence and their probative value is substantially outweighed by unfair prejudice.

### a.  Factual Background

On the date of the defendant's arrest, he gave agents permission to search his home, his vehicle and his place of business.[1]  Defendant's place of employment at the time was a Cell Station.  No computer, laptop or CPU unit was seized from defendant's home.[2]  The agents seized several computers from the Cell Station.[3]  At the time of the search, there were two additional individuals working at the Cell Station who had free and unlocked access to all computers at the Cell Station.

The government has compiled a collage of images that were located on one or more of the computers seized from the Cell Station.[4]  It is anticipated that the government will attempt to introduce these images as evidence at trial.  Defendant objects to the introduction of these images as they cannot be attributed to the defendant.  There is an insufficient link identifying them as the defendants.  Thus, they are not relevant to any fact of consequence and their probative value is substantially outweighed by the danger of unfair prejudice.

### b.  The Computer Images Are Irrelevant Evidence and Are Inadmissible

Relevant evidence means evidence having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed.R.Evid. 401.  The Advisory Committee's Notes instruct

---

[1] *Consent to Search* is attached as Exhibit A.

[2] *Receipt of Property Seized* from Nuradin Abdi's residence is attached as Exhibit B.

[3] *Receipt of Property Seized* from Cell Station is attached as Exhibit C.

[4] Copies of these images are attached as Exhibit D.

that when considering problems of relevancy the questions call for an answer to the question of whether an item of evidence, "when tested by the processes of legal reasoning, possesses sufficient probative value to justify receiving it into evidence".  In the case of the computer images, these are the items of evidence to be tested by the process of legal reasoning.  How the images are relevant cannot be an inherent characteristic within them, but exists only as a relation between an item of evidence and a matter properly provable in the case.  The question becomes does the item of evidence tend to prove the matter sought to be proved?

Here the matter sought to be proved by the government is that the defendant was part of a conspiracy.  The conspiracy, at least in part, was to provide himself as a resource to the terrorist organization of al-Qaeda.  Thus, the question becomes do the existence of images of al-Qaeda leadership, of war and of American government found on multiple computers located at ones place of employment, where **other individuals** had full and complete access to the computers tend to prove that the **defendant** was involved in the alleged conspiracy.  The answer is they do not.  The relationship between these images and any fact of consequence in this case is too attenuated from the defendant to tend to prove or disprove anything.  There is an insufficient link between these images and the defendant himself.  First, the government cannot connect these images to the defendant.  Nothing about the computers, the files where these images were found, or any other circumstance of the image location can identify the defendant as the "possessor" or "owner" of these photos.  This makes the relationship between these photos and any fact of consequence in this case attenuated and missing a crucial link. Without proof that the defendant actually possessed these photos and images they are completely irrelevant to the case at bar.  Without a specific connection to the defendant these images are merely images on computers where the defendant worked.  They don't tend to

prove any fact of consequence anymore than the curtains on the windows where the defendant worked proves something in this case (without more information).  In conclusion, the images cannot be deemed to relate to any fact of consequence without being specifically identified as the defendant's.  They are irrelevant without the proof of this condition (defendant owned and possessed the photos).  Pursuant to Federal Rule of Evidence 402 irrelevant evidence is inadmissible at trial.

### c.  Even If the Defendant "Possessed" and "Owned" These Computer Images They Are Not Relevant to Any Fact of Consequence in this Case

Even if the government can prove the defendant was responsible for downloading the computer images, the images do not tend to prove any fact of consequence.  These images are available online to the world population.  Anyone anywhere can download them and view them.  Anyone anywhere can read about acts of war and about al-Qeada and about America.  The fact that an individual who comes from the land where the turmoil these images represent has downloaded images of war and sadness does not show that he himself has done any act.  The only fact these images tend to show (if they are proven to be his) is that the defendant had an interest in the land that he comes from.  That he had a political interest in understanding and knowing what was happening across the globe.  This is something that we hope all individuals will have; that is, an interest in their country, an interest in politics, and an interest in the well-being of the people.  It is not something that should be surmised as evil or problematic.  In fact, it is what should be expected of all of us.  That we take interest in world politics, that we understand the controversy and war that ensues around us.  Thus, the fact that an individual has images on his computer of tragic events occurring amongst his native people only proves that he has roots and that he is aware of the politics of his roots.  It does not tend to show that he himself ever took any specific act or that he would be the type of person to

take any particular act (this would be character evidence which is also generally inadmissible pursuant to Federal Rule of Evidence 404).  The government should not be permitted to enter into evidence items that do not tend to prove or disprove any specific fact.  Without a specific fact of consequence which these items tend to prove or disprove they are irrelevant and inadmissible.

### d. The Computer Images' Probative Value is Substantially Outweighed by the Danger of Unfair Prejudice

Assuming arguendo that the government can first somehow prove the computer images are relevant, they still must be excluded from the evidence at trial.  Federal Rule of Evidence 403 provides that **although relevant** evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  Rule 403 applies where the evidence at hand is of unquestioned relevance.  It calls for a balancing of the probative value of and need for the evidence against the harm likely to result from its admission.

Here the probative value of the computer images is extremely slight.  These images do not prove anything, they simply are.  There is nothing specific which these images point to; no date, no time, no person.  On the contrary, they simply exist.  They are available to the entire world and they merely existed on a computer that the defendant (and others) had access to. Weighing this slight probative value against the likely result and danger of unfair prejudice from these images, they must be excluded.  The risk these photos create is that the jury will be induced to make a decision based purely on emotional basis rather than the facts.  In light of

the slight evidentiary value these photos have, and the highly emotional reaction they will evoke, Rule 403 calls for their exclusion.

**II.     DEFENDANT RESPECTFULLY REQUESTS THE COURT PRECLUDE FROM EVIDENCE THE DISSERTATION ENTITLED "PILLAR OF THE PREPARING FOR JIHAD" TEXT LOCATED ON A 3.5 FLOPPY DISK**

Defendant objects to the admission of the dissertation entitled "Pillar of the Preparing for Jihad" located on a 3.5 floppy disk,[5] as its probative value is substantially outweighed by unfair prejudice.

In any case, defendant requests this court preclude from evidence the government provided "Linguist Notes", "Introduction"[6], "Highlights"[7] and "Summaries"[8] describing what the author is writing rather than merely translating be precluded from evidence.  This evidence calls for a conclusion, is opinion testimony and assumes facts not in evidence.  While the Government may attempt to use an expert witness to enter this evidence, defendant requests that a specific showing be made regarding this data as required under Federal Rule of Evidence 702 prior to it being entered into evidence.

In addition, defendant objects to the entry of the actual translations wherein the government translator is stating opinion and conclusions.  Defendant requests, if any evidence from opinion be permitted, that it only be permitted through testimony.

---

[5] Government Translation is attached as Exhibit E.

[6] Pages 2-4 of Exhibit E.

[7] Please see example on page 11 of Exhibit E, point number one. Wherein it is stated "The author sites…" and page 16 wherein it is stated "The author points out that Moslems must cooperate among themselves to….".

[8] Please see example on page 12 of Exhibit E, under the heading "Summary" wherein the translator summarizes the text and translation.

### a.  Factual Background

Evidence seized from defendant's home contained 3.5 floppy disks.  One of these floppy disks contains a dissertation entitled "Pillar of the preparing for Jihad" text (Originally and found on the disk as written in Arabic.).[9]  The government has translated this text.  Included in its translation are "Linguist Notes," an "Introduction," and "Highlights."  In each of these categories, the translator is not merely translating text.  Instead the translator is stating opinions and conclusions about the text that was translated.

### b.  The "Pillar of the preparing for Jihad" Text's Probative Value is Substantially Outweighed by the Danger of Unfair Prejudice

Here again we have a piece of evidence that has scant probative value.  The 3.5 floppy contents are text entitled "Pillar of the preparing for Jihad."  This piece of evidence again points to nothing specific.  It does not put the defendant at a particular place or time.  It does not identify any specific action taken by the defendant.  Instead it merely states to the trier of fact, "defendant possessed a disk that contained this text."  What this proves is nothing.  The government does not appear to have any details as to what if anything the defendant did with this text upon his receipt of it.  Perhaps he never even viewed it.  Thus, the weight of this evidence is minimally probative.  Again, all it shows is defendant possessed this text on a disk in his home.

In stark comparison to the probative value of the evidence, the content of this evidence is highly prejudicial.  The content is not meant to be understood by American lay jury.  The content discusses Muslim practices and pillars of thought.  It is religious theory and philosophy, not fact.  It is highly prejudicial in that some of this content deals with jihad which

---

[9] Exhibit E.

is "fighting for God" and it discusses military training to prepare for jihad. This type of evidentiary content will evoke in jury passions and emotions as it is extremely controversial and extremist. On the other hand, as stated, the probative value of this evidence is slight. It does not actually tend to prove anything. Again, it merely just exists as an item the defendant possessed. We know nothing about any specific use of this text, or if the defendant himself ever even viewed it. For these reasons, the probative value of this evidence is substantially outweighed by the danger of unfair prejudice and Rule 403 calls for its exclusion from trial.

### c. Expert Opinion Must Meet the Requirements of Rule 702 Prior to being Entered into Evidence at Trial

Provided this court should permit the government to enter into evidence the translation of the 3.5 floppy disk: "Pillar of the preparing for Jihad," then the defendant requests that the requirements of Rule 702 be strictly adhered to and applied specifically to testimony regarding this piece of evidence. Federal Rule of Evidence 702 provides the requirements to be met before an expert can testify to opinion "or otherwise." These requirements are (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The federal rules of evidence presume opinion testimony is inadmissible. Fed.R.Evid. 701. An exception is made for experts, due to the fact that there is rarely a set of facts that can be evaluated intelligently without the application of science, technical or specialized knowledge. 56 F.R.D. 183, 282. As opinion testimony is generally frowned upon and the evidence at hand is fragile, defendant respectfully requests any expert opinion given on the text contained on the 3.5 floppy disk be strictly scrutinized so as to meet the requirements outlined in Rule 702.

In addition, defendant requests the court minimize the extent of opinion testimony, as in this case, a mere translation is sufficient.  The text then speaks for itself.  Scores of additional opinion testimony as to what the author intended or meant is abusing the afforded expert exception and circumventing the general prohibition on opinion testimony.

> **d.  Defendant Requests the Court Minimize the Opinion Content of Any Testimony Offered Regarding the Dissertation Text: "Pillar of the preparing for Jihad."**

As stated opinion testimony is generally frowned upon, with a narrow exception for experts (which itself requires several milestones be met).  However, this exception should not open the floodgates to unnecessarily influence a jury with "opinion."  In the case of the translated text on the 3.5 floppy disk, the ideal would be that we have a jury who could read Arabic and no translation would be necessary.  This will not be the case.  Secondly, then the best possible approach is to provide a literal translation of the text rather than a translation that is rampant with opinion.  As stated previously, the government translation contains "Linguist Notes", "Introduction"[10], "Highlights" [11] and "Summaries"[12]  written by the translator.  Rather than merely translating the text verbatim, these sections of the government translation are full of expert opinion, interpretation and impression.  For this reason, defendant requests the government remove the opinion contained in its translation of the 3.5 floppy disk and instead provide a more literal translation.  Defendant does not object to footnotes that would

---

[10] Pages 2-4 of Exhibit E.

[11] Please see example on page 11 of Exhibit E, point number one. Wherein it is stated "The author sites…" and page 16 wherein it is stated "The author points out that Moslems must cooperate among themselves to….".

[12] Please see example on page 12 of Exhibit E, under the heading "Summary" wherein the translator summarizes the text and translation.

potentially explain word translations, but complete summaries and interpretations as to what the text means is too opinionated to be considered fact based evidence.

Dated:   September 2, 2005              Respectfully Submitted,

                                        By:     s/ Mahir T. Sherif, Esq.
                                                MAHIR T. SHERIF (CA Bar No. 135021)
                                                3376 30th Street
                                                San Diego, CA  92104
                                                (619) 297-4444
                                                Fax: (619) 297-4115
                                                sheriflaw@sbcglobal.net
                                                Attorney for Defendant