Law Office of Mahir T. Sherif
MAHIR T. SHERIF, Esq. (SB# 135021)
3376 30th Street
San Diego, CA  92104
Ph:  619-297-4444
Fx:  619-297-4115

Attorney for Defendant, Nuradin Abdi

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.:  2:04CR88 |
| Plaintiff, | (Honorable Algenon L. Marbley) |
| vs. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENSE MOTION IN LIMINE TO EXCLUDE EVIDENCE (#3)** |
| NURADIN ABDI, | |
| Defendant | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS IN LIMINE TO PRECLUDE STATEMENTS ALLEGEDLY MADE BY DEFENDANT (#3)**

Defendant Nuardin Abdi (Abdi) requests this Court to preclude the admission of alleged statements made by Abdi concerning shooting or bombing an Ohio shopping mall.  In the alternative, Abdi requests that both parties be prohibited from mentioning or referring to the statement in opening remarks or otherwise, until the statements are offered and the Court rules on admissibility.

**Factual Background**

Abdi has been charged using a four count indictment.  Count one is conspiracy to provide material support for a terrorist act in a foreign country.  Count two is conspiracy to

provide material support to an international terrorist organization.  Counts three and four allege fraud and misuse of documents to facilitate acts of terrorism in foreign countries.

In plain language, Mr. Abdi is charged with agreeing with a group of Ohio Muslims to go to Kosovo or Chechnya to fight on behalf of Muslims they feel are targets of "ethnic cleansing".

Abdi was arrested by the ICE after he allegedly made a statement about targeting an Ohio mall for a terrorist act.  After arrest, Abdi allegedly made statements that he was told of a plan to shoot missiles into the Pentagon.

Abdi has since become known as the "Ohio Mall Bomber" in the local and national press.  Despite this moniker, the indictment doesn't contain any allegation related to terrorist acts within the United States.  The target crimes in the four counts involve terrorist acts and groups outside the United States.

### Unfair Predjudice, Confusion of Issues, and Misleading

Federal Rule of Evidence 403 says evidence may be excluded if its probative value is substantially outweighed by danger of unfair prejudice, confusion of the issues, or misleading the jury.  The test applies where the evidence is unquestionably relevant.  A factor in the decision is whether the same point can be proven by less prejudicial evidence already available.  Ed. Explain. Comment to Rule 403.

### Request to Exclude

We expect the government will try to use the "mall bomb" and "Pentagon missile plot" statements.  We expect they have colorable arguments the statements are relevant.  We contend whatever the statements' purported relevance, such relevance is substantially outweighed by the potential that a jury already conditioned to think of Abdi as the "Ohio mall bomber" will confuse the charges in the indictment with the peripheral and emotional (especially for Ohioans) issue of whether Abdi was planning to blow up the people of Ohio.

CR 2-04-88

September 11, 2001, made domestic terrorism a national concern.  This trial is scheduled to begin two weeks after September 11.  It is no offense to the citizens of Ohio to say it is likely the jury will misuse both the "mall bomb" and "Pentagon missile plot" statements.  They should be excluded because their relevance to whether Abdi conspired to commit acts in a foreign nation, is substantially outweighed by the obvious danger the jury will be confused and mislead.

There is a real danger that hearing these two statements will move the jury to convict Mr. Abdi not because the government proved beyond a reasonable doubt he committed crimes alleged in the indictment,  but to make sure Mr. Abdi is not released and allowed to commit the acts alleged in the "mall bomb" and "Pentagon missile plot" statements.  With much respect to the authority of this Court, it is unrealistic to believe a limiting instruction as to the permissible use of such evidence has a fighting chance against the visceral weight the statements` will have on an Ohio jury.  Any point the government wants to make with these statements can be made by less prejudicial evidence readily available.

**Prohibit Any Mention Until Admissibility is Determined**

We understand courts dislike excluding evidence prior to the development of facts during trial.   If the Court decides not to rule on the admissibility of the "mall bomb" and "Pentagon missile" statements until they are offered into evidence, we pray the Court prohibit any mention or reference to the statements until the Court decides to rule on admissibility.  The primacy effect predicts that if the jurors hear the statements during the government's opening, the passion and emotion that ensue will taint the remainder of the trial.

//

//

//

//

//

Dated:   September 2, 2005          Respectfully Submitted,

By:      s/ Mahir T. Sherif, Esq.
         MAHIR T. SHERIF (CA Bar No. 135021)
         3376 30th Street
         San Diego, CA  92104
         (619) 297-4444
         Fax: (619) 297-4115
         sheriflaw@sbcglobal.net
         Attorney for Defendant