# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:04-CR-88 |
| | : | |
| NURADIN ABDI, | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| Defendant. | : | |

## SUPPLEMENTAL OPINION AND ORDER

This matter comes before the Court on the Government's Expedited Motion for Clarification.  The government asks the Court to clarify two issues raised in its September 13, 2005 order granting in part and denying in part Defendant's Motion to Suppress Statements Allegedly Made by Defendant and All Evidence Seized in Violation of the Fourth Amendment.

First, the government asks this Court specifically to address whether various items of physical evidence obtained on the day of the defendant's arrest in connection with consent searches of his home, vehicle, and business, as well as an item obtained during an inventory of the contents of his wallet, are being suppressed.  The Court suppresses these items on the same basis as it suppressed Defendant's statements:  his consent, although voluntarily given, was not sufficiently attenuated from his unlawful arrest.  *Brown v. Illinois*, 422 U.S. 590, 603-04 (1975) (outlining four factors to aid courts in determining whether a voluntary statement is sufficiently attenuated from the illegal act perpetrated by the government, including the length of time between the illegal seizure and the statement, the presence of intervening circumstances, the purpose and flagrancy of the official misconduct, and whether the officers read the suspect his

*Miranda* rights before he confessed); *see also United States v. Lopez-Arias*, 344 F.3d 623, 629 (6th Cir. 2003).  For the reasons set forth in this Court's September 13, 2005 order, which is incorporated herein, the Court finds that Defendant's consent was not sufficiently attenuated from the unlawful arrest.  Thus, various items of physical evidence obtained on the day of the defendant's arrest in connection with consent searches of his home, vehicle, and business, as well as an item obtained during an inventory of the contents of his wallet, are hereby suppressed.

Second, the government queries whether evidence obtained from Defendant's computer, which was seized on the date of his arrest, but searched later pursuant to a federal warrant, is suppressed.  The evidence obtained from the computer is not suppressed in light of the legally obtained warrant.

**IT IS SO ORDERED.**

    **s/Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  September 15, 2005**