Law Office of Mahir T. Sherif
**MAHIR T. SHERIF, Esq.**
(CA Bar No. 135021)
**AURORA E. BEWICKE, Esq.**
(CA Bar No. 247557)
3376 30th Street
San Diego, CA  92104
Ph:  619-297-4444
Fx:  619-297-4115


Attorneys for Defendant, Nuradin M. Abdi


## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　vs.<br><br>NURADIN M. ABDI,<br>　　　　Defendant. | Case No.:  2: 04 CR 88<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE REGARDING (1) CIPA FILINGS AND DISCOVERY; AND (2) DISCOVERY OBTAINED PURSUANT TO FISA**<br><br>Date:　　　July 27, 2007<br>Time:　　　9:00 a.m.<br>Courtroom: Hon. Algenon L. Marbley |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE REGARDING (1) CIPA FILINGS AND DISCOVERY; AND (2) DISCOVERY OBTAINED PURSUANT TO FISA

*In Article III courts, we presume that the defendant, through his counsel, has access to incriminating and exculpatory facts, has the opportunity to thoroughly investigate the case, to cross examine witnesses and, if he chooses, to testify on his own behalf and to present witnesses. We expect and require the lawyer to mount a zealous defense. These fundamental ethical mandates for counsel are called into question in a growing number*

*of criminal prosecutions, notably those that result from the work of intelligence agencies or other government agencies that classify information. In such cases, because information that is material and relevant is not readily available to the defense, the defendant is places at a significant disadvantage in case investigation, preparation, and presentation.*

*This is primarily the result of two statutes, the Classified Information and Procedures Act ("CIPA") which governs the disclosure of classified information, and the Foreign Intelligence Surveillance Act ("FISA"), which addresses procedures for surveillance techniques to gather foreign intelligence information.*

- Ellen Yaroshefsky, <u>infra</u>, 34 HOFTRA L. REV. at 1066-67.

## INTRODUCTION

Defendant, Nuradin M. Abdi, hereby moves to exclude all prejudicial discovery and motions filed pursuant to the Classified Information Procedures Act ("CIPA"), or, at a minimum, those filed after May 1, 2005, and to compel disclosure to the defendant of relevant discovery thereunder. Mr. Abdi further moves to exclude all discovery obtained pursuant to the Foreign Intelligence Surveillance Act ("FISA"). Said motions are made on the grounds that such secretive procedures have impaired Abdi's constitutional rights to confrontation, due process, to be free of unreasonable searches and seizure, and effective assistance of counsel.

## STATEMENT OF FACTS

### CIPA

According to this Court's order, all motions made under CIPA were to be filed on or before May 1, 2005. Order, February 2, 2005 (Document #29). On April 29, 2005, the Government entered its first two notices to the defendant of filings under CIPA. (Documents ##35-36). At the same time it submitted a Pre-trial Memorandum of Law Concerning Relevant Provisions of CIPA. (Document #37)

On May 11, 2005, the defendant filed an objection to the procedures with regard to CIPA up to that point; (Document #43-4) they will not be repeated here. Thereafter, on January 18, 2007, the Government entered a Notice to Defendant of an Ex Parte, In Camera Filing by the United States Under Seal Pursuant to CIPA. (Document #140). Issues in regard to CIPA remain unresolved.

**FISA**

Meanwhile, on April 28, 2005, the defendant also received notice that he was an "aggrieved person" within the meaning of 50 U.S.C. §§ 1841-1856, in that "information obtained and derived pursuant to FISA will be used in connection with [his] prosecution." (Document #31). On May 11, 2005, Mr. Abdi filed his Notice of Motion and Motion to Compel Discovery of Documentation Required Under "FISA." (Document #42). This motion has yet to be ruled upon, and no information has been received.

**DEFENSE COUNSEL'S RIGHT TO PRIVACY**

Seeking to maintain his personal privacy, on June 1, 2005, , counsel for defendant, Mahir T. Sherif, filed a Motion to Protect Defense Counsel's Right to Privacy, asking this Court to narrowly tailor an alternative to a full security clearance. (Document #59) This request was never granted. As such, neither defense counsel nor the defendant have been able to analyze certain discovery which Mr. Abdi is entitled to.

ARGUMENT

The extent to which the secretive procedures under both CIPA and FISA are affecting defendants' fundamental rights has been the subject of much scholarly discourse. See, e.g., Joshua L. Dratel, "Symposium: Secret Evidence and the Courts in the Age of National Security: Sword or Sheild? The Government's Selective Use of Its Declassification Authority for Tactical Advantage in Criminal Prosecutions," 5 CARDOZO PUB. L. POL'Y & ETHICS J. 171 (2006); Ellen Yaroshefsky, "Legal Ethics Symposium: Lawyers' Ethics in An Adversary System: Secret

Evidence Is Slowly Eroding the Adversary System: CIPA and FISA in the Courts," 34 HOFTRA L. REV. 1063 (2006). Courts have also begun to express dissatisfaction with the recent trend towards increasingly-secretive executive policies. Dratel, supra, 5 CARDOZO PUB. L. POL'Y & ETHICS J. at 176, n.18 (quoting the concurrence in Doe v. Gonzales 449 F.3d 415, 422 (2d Cir. 2006), finding that, "a ban on speech and a shroud of secrecy in perpetuity are antithetical to democratic concepts and do not fit comfortably within the fundamental rights guaranteed," and, further, that "[u]nending secrecy of actions taken by government officials may also serve as a cover for possible official misconduct and/or incompetence" (Cardamone, J., concurring) (regarding 18 U.S.C. §2709 in relation to and permanent non-disclosure of National Security Letters)).

## I.      FILINGS AND DISCOVERY UNDER CIPA

Procedures under CIPA are affecting Mr. Abdi's right to a fair trial, and he, therefore requests this Court to fashion an appropriate remedy.[1] Despite what the Government may contend, it has been uncovered that, "[n]otwithstanding . . . CIPA's legislative history [indicating that 'the defendant should not stand in a worse position'] and interpretive case law, the government's exclusive control over critical aspects of litigation and proceedings conducted pursuant to CIPA often undermines that statute's legislative intent." Dratel, supra, 5 CARDOZO PUB. L. POL'Y & ETHICS J. at 171, 180 (bracketed alteration quoting S. Rep. No. 96-823, at 9 (1980), as reprinted in 1980 U.S.C.C.A.N. 4302).

Much of the defendant's concern with the CIPA filings and procedures in this case has already been addressed in his previous motion, as referenced. In addition to the earlier assertions, Mr. Abdi is even more concerned about the

---

[1] Of course, due to the secret nature of the relevant filings, Mr. Abdi is not able to better articulate exactly what this remedy should be.

recent filings, years after the Grand Jury's indictment in this case. To the extent that classified information in this case may be used to prejudice Mr. Abdi, particularly that which was filed past the May 1, 2005, deadline, he would ask this Court for suppression of that information and any fruits derived therefrom. To the extent that such information would be neutral, or to Mr. Abdi's benefit, he would ask for immediate disclosure to defense counsel of said information.

## II.     DISCOVERY OBTAINED UNDER FISA

In addition to seeking remedy for the prejudice he has suffered under CIPA, Mr. Abdi further requests this Court enter an order suppressing the fruits of all surveillance under FISA in this case under the Fourth, Fifth, and Sixth Amendments to the United States Constitution. Given the lack of discovery, Mr. Abdi has no way of knowing whether the dictates of FISA were followed in this case, and cannot point to any deficiencies in that regard, since he and his counsel have been denied access to the relevant documents. His request for suppression is based on the grounds he has been prejudicially prevented from asserting his right to litigate the admissibility of material evidence. This, in turn, denied him the right to be free from unreasonable searches and seizure, the right to due process, and the right to effective assistance of counsel.

The Constitution does not permit Congress to set aside these fundamental rights under the wide umbrella of "national security." The right to a fair and open trial guaranteed by the Constitution should not be revoked each time the Government makes the general assertion that national security may be at risk.

## CONCLUSION

For the foregoing reasons, Mr. Abdi respectfully submits that this Court grant the requested relief.

Dated: June 7, 2007          Respectfully Submitted,

By:    s/ Mahir T. Sherif, Esq.
        MAHIR T. SHERIF
        Trial Attorney
        (CA Bar No. 135021)
        3376 30th Street
        San Diego, CA  92104
        (619) 297-4444
        Fax: (619) 297-4115
        mahirsherif@sbcglobal.net

        s/ Aurora E. Bewicke, Esq.
        AURORA E. BEWICKE
        Co-Counsel
        (CA Bar No. 247557)
        3376 30th Street
        San Diego, CA  92104
        (619) 297-4444
        Fax: (619) 297-4115
        aurora_bewicke@yahoo.com

        Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby declare that this 7th day of June, 2007, a copy of the foregoing was electronically served via the CM/ECF system on the following parties:


**Dana Martin Peters**
United States Attorney's Office
303 Marconi Boulevard
2nd Floor
Columbus, OH 43215
dana.peters@usdoj.gov
614-469-5715

**Robyn Jones Hahnert**
United States Attorney's Office
303 Marconi Boulevard
2nd Floor
Columbus, OH 43215
robyn.hahnert@usdoj.gov
614-469-5715

**Sylvia T Kaser**
US Department of Justice
Chief, Special Litigation Section
10th & Pennsylvania Avenue NW
Room 3642
Washington, DC 20530
sylvia.kaser@usdoj.gov
202-514-3416


Dated: June 7, 2007          Respectfully Submitted,

By:     s/ Mahir T. Sherif, Esq.
        MAHIR T. SHERIF (CA Bar No. 135021)
        Trial Attorney
        3376 30th Street
        San Diego, CA  92104
        (619) 297-4444
        Fax: (619) 297-4115
        mahirsherif@sbcglobal.net
        Attorney for Defendant