IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA

       v.

NURADIN M. ABDI

No. CR-2-04-88
JUDGE ALGENON L. MARBLEY

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE REGARDING CIPA FILINGS AND DISCOVERY AND DISCOVERY OBTAINED PURSUANT TO FISA (Doc. 181)**

The United States of America, through its undersigned attorneys, respectfully submits its response to Defendant's Motion in Limine Regarding CIPA Filings and Discovery and Discovery Obtained Pursuant to FISA.

**INTRODUCTION**

Defendant's motion seeks "to exclude all prejudicial discovery and motions filed pursuant to the Classified Information Procedures Act ("CIPA")[18 U.S.C. App. 3], or, at a minimum, those filed after May 1, 2005, and to compel disclosure to the defendant of relevant discovery thereunder." (Doc. 181) Defendant also seeks "to exclude all discovery obtained pursuant to the Foreign Intelligence Surveillance Act ("FISA")[50 U.S.C. §§ 1841-1846]." (Doc. 181, Memorandum of Points and Authorities at 2). For the reasons set forth below, the government submits that all of these requests should be denied.

1. Defendant's counsel reiterates his argument that he should be permitted to bypass the normal security clearance procedure in favor of some alternative to this procedure, claiming that the established security clearance process violates his right to privacy.  This issue is already pending before the Court and has been fully briefed since the government filed its response to defense counsel's original motion on June 15, 2005. See Doc. 70.  As the government stated in that response, there is ample authority for requiring defense counsel to submit information required to obtain a security clearance as a prerequisite to seeking access to classified information. See Section 9 of CIPA, 18 U.S.C. App. 3 § 9 and the Security Procedures Established Pursuant to Pub. L. 96-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information; United States v. Al-Arian, 267 F. Supp. 2d 1258, 1266 (M.D. Fla. 2003); United States v. Bin Laden, 58 F. Supp. 2d 113, 118 (S.D.N.Y. 1999).  During a May 23, 2005, telephonic status conference, defense counsel stated to the Court that he elected not to seek a security clearance.  See Doc. 59, at page 2 of Memorandum of Points and Authorities.  Although the government does not believe that there is any classified information that must be turned over to the defense, given the current circumstances, where neither defendant nor this defense counsel holds a security clearance, the defense is simply not entitled to discovery of any classified information, should any such information be deemed relevant in the case.

2

2.  In his latest filing, defendant appears to challenge the constitutionality of CIPA and FISA.  <u>See</u> Doc. 181, Memorandum of Points and Authorities at 2-4.   The constitutionality of CIPA has been upheld by every court that has considered such a challenge by a defendant.  <u>See</u>, <u>e.g.,</u>  <u>United States v. </u>Yunis, 924 F.2d 1086, 1094 (D.C. Cir. 1991); <u>United States v. Wilson</u>, 750 F.2d 7, 9 (2d Cir. 1984), <u>cert. denied,</u> 479 U.S. 839 (1986); <u>United States v. Wilson</u>, 721 F.2d 967, 976 (4th Cir. 1983); <u>United States v. Collins</u>, 720 F.2d 1195, 1200 (11th Cir. 1983); <u>United States v. Bin Laden,</u> 2001 WL 66393 (S.D.N.Y 2001); <u>United States v. Lee</u>, 90 F.Supp.2d 1324, 1326 (D.N.M. 2000); <u>United States v. Ivy</u>, 1993 WL 316215 (E.D.Pa. 1993); <u>United States v. Poindexter</u>, 725 F. Supp. 13, 32 (D.D.C. 1989); <u>United States v. North</u>, 708 F. Supp. 399 (D.D.C. 1988); <u>United States v. Wilson</u>, 571 F. Supp. 1422 (S.D.N.Y. 1983); <u>United States v. Jolliff</u>, 548 F. Supp. 229 (D. Md. 1981).  In view of this precedent, defendant's challenge to the constitutionality of CIPA must fail. The defendant's motion also attempts to repeat his challenge to the submission of *ex parte* filings pursuant to CIPA.  In May 2005, defendant filed a lengthy pleading on this issue, and on June 10, 2005, the government filed a comprehensive response to

3

that pleading.  See Docs. 43 and 69.  Thus, defendant raises no new issue at this time.

3.  In this case, on April 26, 2005, the Court appointed a Court Security Officer to handle issues raised by the potential use of classified information in this case, as needed according to the Security Procedures established by the Chief Justice pursuant to CIPA.  See Doc. 30.  Following appointment of a Court Security Officer, on April 29, 2005, the government informed the Court that classified information might be at issue in this case, filed a pretrial memorandum of law concerning the provisions of CIPA, submitted a filing to the Court pursuant to CIPA and provided the defense with a notice of that filing.  See Docs. 35, 36, 37.  The Court has the government's CIPA filing under submission.  On January 18, 2007, the government submitted an additional classified filing to the Court.  On that same date, the government provided the defense with a notice of that filing. See Doc. 140.  The Court accepted the filing but has not yet acted upon it.  While the nature of this second submission cannot be discussed in this pleading, it should be clear from the face of the submission that it was not filed in violation of the discovery deadline imposed by the Court.

4.  As for defendant's constitutional challenge to FISA or any request to "suppress[]the fruits of all surveillance under FISA in this case," the government respectfully submits that there is no discovery issue relating to FISA material and nothing to suppress in this case.  See 50 U.S.C. § 1845(e)(only aggrieved

persons against whom FISA information is being used have standing to seek suppression).  Although the government notified the Court and defendant on April 28, 2005, that it might offer against the defendant certain evidence obtained and derived from pen register and trap and trace device surveillance authorized by the Foreign Intelligence Surveillance Court pursuant to FISA, the government ultimately determined that it would not use the results of this surveillance against the defendant in the prosecution of this case.  On June 16, 2005, the government filed a statement to this effect in its Response to Defendant's Motion to Compel Discovery of Documentation Required Under FISA.  <u>See</u> Doc. 71 at 2.  Since there is no issue of discovery of FISA material and the government is not using any FISA obtained or derived evidence against the defendant, he has no standing and the defendant's constitutional challenge to the Act is moot.

**CONCLUSION**

Wherefore, for the foregoing reasons, the defendant's motion in limine regarding CIPA filings and Discovery and Discovery obtained Pursuant to FISA (Doc. 181) should be denied.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney


s/Dana M. Peters
DANA M. PETERS (0034226)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio  43215
(614) 469-5715
Fax:  (614) 469-5653
Dana.Peters@usdoj.gov


s/Robyn Jones Hahnert
ROBYN JONES HAHNERT (0022733)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio  43215
(614) 469-5715
Fax:  (614) 469-6895
Robyn.Hahnert@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing response motion in limine regarding CIPA filings and Discovery and Discovery obtained Pursuant to FISA (Doc. 181) was served this 14th of June, 2007, electronically on: Mahir T. Sherif and Aurora E. Bewicke, attorneys for defendant Nuradin M. Abdi.

s/Dana M. Peters
DANA M. PETERS (0034226)
Assistant United States Attorney